# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**CURTIS DOSS, #L0741**                                              **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 3:06cv224HTW-JCS**

**ANGELA GILLS**                                                    **DEFENDANT**

### MEMORANDUM OPINION

The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. The plaintiff did not submit a certificate or third step response from the administrator of the MDOC Administrative Remedy Program stating that he had exhausted his administrative remedies.

On September 13, 2006, this Court entered an order directing the plaintiff to show cause, in writing, within fifteen days why this case should not be dismissed for his failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. The plaintiff was warned that his failure to timely comply with any order of this Court would result in the dismissal of this cause without further written notice to the plaintiff. The plaintiff failed to comply with this order

On October 18, 2006, a second show cause order was entered. The plaintiff was ordered to file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's September 13, 2006 order. The plaintiff was warned in the October 18, 2006 order that if he failed to comply with the Court's order in a timely manner, his case would be dismissed without further notice to the plaintiff.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to

dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since July 31, 2006. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the Defendant has never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 28th day of November, 2006.

> s/ HENRY T. WINGATE
> CHIEF UNITED STATES DISTRICT JUDGE